| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|
| WILLIAM C. GRIM,<br><br>          Plaintiff,<br><br>*versus*<br><br>DR. SMOCK,<br><br>          Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION G-09-0101 |

## Opinion on Dismissal

William C. Grim filed a complaint for civil rights violations. 42 U.S.C. § 1983. He is proceeding as a pauper. 28 U.S.C. § 1915. Grim is a Texas prisoner. He sues Dr. Smock, who is a Regional Health Director in the Texas prison system.

1. *Claims*

Grim was housed in the Stiles Unit in Beaumont, Texas, in September of 2005. At that time, Hurricane Rita was headed toward Beaumont. Grim complains that Dr. Smock was deliberately indifferent to his medical conditions in planning and preparing for Rita's landfall. Although prison officials evacuated medical personnel, they did not evacuate the prisoners before the hurricane arrived. Dr. Smock failed to have his medical staff provide treatment for inmates during the hurricane. As a result, Grim suffered rashes over ninety percent of his body, chapped and bleeding lips, ear aches, and peeling skin. Grim made sick-call requests from September 26, 2005, through October 16, 2005, for follow-up treatments. Health care workers answered none of these requests. As a result, Grim's skin condition spread.

Dr. Smock was deliberately indifferent to Grim's health when he failed to ensure access to medical treatment from September 26, though October 16, 2005. Grim requests compensatory and punitive damages, and injunctive relief.

2. *Deliberate Indifference*

When a prisoner claims a constitutional violation concerning the conditions of his confinement, he must show deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The standard in medical care claims is "deliberate indifference to serious medical needs." *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a prisoner must show that a defendant was aware of facts from which an inference of an excessive risk to the prisoner's health could be drawn and that he actually drew an inference that such potential for harm existed. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Grim asserts nothing which shows that Dr. Smock was aware of any facts concerning Grim's health or medical conditions, or that he drew any inference of possible harm. Although Grim claims Dr. Smock acted improperly in preparing for Hurricane Rita's approach, neither negligence nor gross negligence is sufficient for constitutional liability. *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 645 (5th Cir. 1996). This Court does not condone Dr. Smock's claimed poor planning in the face of a major hurricane; however, these are not constitutional violations. The Eighth Amendment prohibits "obduracy and wantonness, not inadvertence or error in good faith." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Dr. Smock did not inflict cruel and unusual punishment on Grim by his possible malfeasance. Furthermore, Grim's rashes, related skin problems, and earaches are not serious medical conditions.

3. *Conclusion*

Grim has not shown deliberate indifference to a serious medical condition. He fails to state a claim recognized at law. This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

The Clerk will send a copy to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Three-Strikes List, by regular mail or e-mail.

Signed on July 16, 2009, at Houston, Texas.

Lynn N. Hughes
United States District Judge